**Dinyar Nariman SAGAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71586.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 12, 2004.

Alan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, William Campbell ERB, Jr., Attorney, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

able for decision without oral argument. *See*

## MEMORANDUM **

Dinyar Nariman Sagar, native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application of withholding of removal. The IJ held that Sagar's asylum claim was time-barred, and Sagar admits that we have no jurisdiction to review his claim for asylum. 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Further, Sagar does not contest the IJ's finding that he is not eligible for protection under the Convention against Torture. On the withholding of removal claim we have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where the BIA affirms without an opinion, we review the IJ's decision as the final agency decision. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

Even assuming Sagar is credible, this Court concludes that the evidence in the record does not compel the conclusion that Sagar was persecuted on a protected ground. Hence, the IJ's denial of Sagar's withholding of removal claim is supported by substantial evidence and the petition to this Court must be denied. *See Lata v. INS*, 204 F.3d 1241, 1244–1245 (9th Cir. 2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Sagar's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was unopposed, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for the stay of removal and this stay will expire upon issuance of the mandate.

**DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

